BILLINGS, ADMINISTRATRIX, *vs.* BILLINGS.

Where a paper, purporting to be a will, was produced for probate, and rejected, and letters of administration granted to a third person, if the executor removes the matter into the Circuit Court, without giving the administratrix notice, and the Circuit Court refuses to permit the administratrix to be made a party on the record, and orders an issue to be made up, *ex parte*, as to the validity of the will, which is tried, and the will decided to be valid, the proceeding has no color of law, or shadow of justice to support it.

The administratrix was entitled to notice, and to be made a party to the record.

THIS was an issue as to the validity of a will, tried in the Jackson Circuit Court, in May, 1841, before the Hon. THOMAS JOHNSON, one of the Circuit Judges. The facts are sufficiently stated in the opinion.

*Fowler*, for the appellant.

*Linton*, contra.

*By the Court*, LACY, J.

It is perfectly apparent, that the proceedings in the case, by the Court below, have been exceedingly irregular, and wholly unauthor-

ized. A paper, purporting to be the last will and testament of Noah P. Billings, was produced before the County Court, for probate. It was there rejected; and letters of administration were then sued out, by Narcissa Billings, on the estate of her deceased husband. Upon this state of case, William Billings, who claimed to be appointed executor by the paper purporting to be the last will and testament of Noah P. Billings, filed his petition, and removed the cause to the Circuit Court. The Court below refused to admit her to be made a party to the proceeding, or to continue the case. An issue was then made up as to the validity of the will, *ex parte,* as it is termed in the record. A jury was thereupon impannelled, to pass upon it, who pronounced the paper, produced upon the trial, to be the last will and testament of Noah P. Billings, deceased; and the Court gave judgment acccordingly, and directed its opinion to be certified to the Probate Court, for further proceedings to be therein had, agreeably to the decision of the Circuit Court. A motion was then made for a new trial, which was overruled. The reason assigned was, that Narcissa Billings being no party to the suit, of course she had no right to be heard. The bill of exceptions filed, has placed these facts upon the record, and the case is now brought here, by appeal, to correct the judgment of the Circuit Court.

We are at a loss to conceive upon what rule of practice, or principle of justice, the Court below proceeded to make up an issue, and try the validity of a will, without proper parties, or without even affording an opportunity to those who were interested in the matter, to come in and defend. It is a principle of natural justice, as well as of municipal law, that no one, having an interest in any judicial proceeding, can be bound by it, unless he appears, or an opportunity is afforded him of coming in and defending the action. The proceeding, in this instance, is not only carried on without the proper parties, or without notice to the appellant, but in violation of her rights, and in opposition to her petition; and that, too, in a case where, at least for the time being, she was the properly constituted administratrix of her deceased husband, and, as such, had a direct and immediate interest against the paper, purporting to be his last will and testament, being established. To deny her the privilege of contesting its validity, or being

heard in opposition to it, is to deprive her of an important legal right, without notice, and against her consent. This cannot be done. The effect of such a proceeding does not stop here, but it indirectly annuls the acts of a Court of competent jurisdiction, without properly investigating and considering the grounds of its decision. Such a proceeding, on the part of the Circuit Court, has no color of law or shadow of justice to support it; and its judgment must, therefore, be reversed, with costs, and this case be remanded to the said Circuit Court, with instructions that Narcissa Billings, if she desires it, be made a party to the suit, and leave given to the appellee, within a reasonable time, to amend his petition, and make all others, (if any there be), who are legally interested in the matter, parties to the proceeding; and that the cause then progress, and be heard and determined according to law.